**UNITED STATES of America,**

v.

**Anthony DeANGELIS, Appellant.**

No. 15632.

United States Court of Appeals Third Circuit.

Argued May 17, 1966.

Decided June 6, 1966.

Walter D. Van Riper, Newark, N. J. (Van Riper & Belmont, Newark, N. J., Frederic C. Ritger, Jr., Newark, N. J., of counsel, on the brief), for appellant.

David M. Satz, Jr., U. S. Atty., Newark N. J. (Matthew J. Scola, Asst. U. S. Atty., on the brief), for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN and SMITH, Circuit Judges.

PER CURIAM.

The only question before us is what were the effective sentences imposed upon defendant-appellant. Whatever confusion there may have been regarding this, and it is more apparent than real, is best clarified by stating the sentencing process.

The defendant pleaded guilty to counts 2, 14 and 15 of a 19 count indictment. Those counts charged defendant with three separate offenses under 18 U.S.C. § 2314, transportation of a forged warehouse receipt in interstate commerce. Each of those offenses had a maximum penalty of ten years imprisonment. Defendant also pleaded guilty to count 1 of an information against him for conspiracy to violate the provisions of 18 U.S.C. § 2314. This had a maximum penalty of five years.

The defendant was before the court for sentence on May 28, 1965. The trial judge explained to him the statutory process whereby the court would be enabled to obtain further necessary information regarding him prior to imposing final sentence. The court said:

"The Congress of the United States has provided for sentencing Federal Judges a means of invoking for their assistance further information, the results of further study, so that when the sentencing Judge is called upon to impose his final sentence he can feel in his conscience that he has left no stone unturned in his efforts to understand the individual."

The court then quoted the pertinent law:

"Section 4208, subdivision (b) of Title 18 of the Criminal Code of the United States makes this provision:

'If the Court desires more detailed information as a basis for determining the sentence to be imposed, the Court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law for a study as described in subsection (c) hereof.'"

The court then pronounced the necessary sentence for study purposes under the above statute:

"In order to evoke, or appropriately utilize the provisions of the statute which I previously read to you, Section 4208(b) it is necessary that I impose a penalty on each of the counts to which you have pleaded guilty, consisting of the maximum sentence of imprisonment provided by the statute upon which the particular count or counts of the indictment or information were based.

"Therefore, in accordance with the provision of Section 4208(b) of Title 18, it is the sentence of this Court that you be committed to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by the law—and I have read you those maximum sentences—for a study as described in subsection (c) thereof, which I have read to you. In due time, within the period prescribed by the statute or enlarged under the limitation by the Court, you will be brought before me for further consideration, at which time I will have the benefit of a complete report on you, together with the recommendations of the Director of the Bureau of Prisons. Those recommendations are not binding, but I sincerely and earnestly hope that they will be helpful to me.

"Such is the disposition of the penalty in your case."

Study judgments were entered in due course on both the substantive counts and the conspiracy count.

On August 17, 1965, after the conclusion of the statutory study of the defendant, the latter was finally sentenced by the judge who said:

"I shall take up the counts to which the respective pleas of guilty were addressed in the following order, and impose sentence in that order: With respect to Count No. 2 in indictment

criminal No. 105–64, it is the sentence of this Court that upon your plea of guilty to that count you be committed to the custody of the Attorney General of the United States for a period of ten years.

"With respect to Count 1 of the information, Criminal No. 4–65, it is the sentence of this Court that you be committed to the custody of the Attorney General of the United States for a period of five years to run concurrently with the commitment under Count 2 of the indictment.

"With respect to Count 14 of indictment No. 105–64, upon your plea of guilty to Count 14 of that indictment, it is the sentence of this Court that you be committed to the custody of the Attorney General of the United States for a period of ten years to run consecutively to the ten-year sentence imposed upon you under Count 2 of the same indictment.

"Upon Count 15 of indictment Criminal No. 105–64, to which you pleaded guilty, it is the sentence of this Court that you be committed to the custody of the Attorney General of the United States for a period of 10 years to run concurrently with the ten-year sentence imposed upon you under Count 14 of the same indictment. The sentence under Count 2 of the indictment and the concurrent sentence under Count 1 of the information shall be deemed to have commenced, or rather, service thereof shall be deemed to have commenced with your commitment for study to the custody of the Attorney General pursuant to 18 U.S.C. Section 4208(b).

"In sum, therefore, the aggregate of sentences imposed upon the information and upon the counts of the indictment to which guilty pleas were received aggregate twenty (20) years. That is made up of the concurrent period of ten and five years upon the second count of the indictment and the first count of the information, plus the concurrent terms of ten years on the fourteenth and fifteenth counts of the indictment."

Final judgment and commitment in accordance with the above was entered August 18, 1965.

The above outlined procedure was in precise compliance with the controlling statute. After the judge had completed the disposition of the penalty for study purposes and prior to the above final sentencing he made this comment:

"I might say that this commitment for study is to be considered concurrent—as you were, is to be considered for ten years under Section 2314 and five years under Section 371 to run concurrently, the latter to run concurrent with the former."

It is argued very carefully and most competently on behalf of appellant that this language would lead to the belief that the court imposed sentences aggregating in fact ten years. However, whatever the wishful interpretation which might be suggested as flowing from that offhand remark, the latter was definitely surplusage, made after the preliminary statutory sentence had been imposed and in no way decisional. The judge, himself, on the occasion of the final sentencing when the language was called to his attention on the motion of appellant's attorney, made its intent when spoken entirely plain. He said, "It is true that I made a reference to the concurrence of a sentence for conspiracy with a sentence for the subsequent offense under one of the counts. However, I have considered the report and I have considered the statute. Your present application for reconsideration and modification of the statute is denied."

From our independent examination of this record we are satisfied that the trial court meticulously complied with 18 U.S. C. § 4208 throughout the sentencing of the defendant and that the aggregate of the sentences validly imposed totals twenty years.

The judgment of the District Court will be affirmed.