**Anthony DeANGELIS, Appellant,**

v.

**UNITED STATES of America.**

**No. 17243.**

United States Court of Appeals Third Circuit.

Argued Nov. 7, 1968.

Decided Dec. 3, 1968.

---

Daniel E. Isles, Querques, Isles & Weissbard, Orange, N. J., for petitioner-appellant.

David M. Satz, Jr., U. S. Atty., Newark, N. J. (Elliot Scher, Asst. U. S. Atty., on brief), for appellee.

Before KALODNER, FORMAN and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal by Anthony De-Angelis, confined in the United States Penitentiary at Lewisburg, Pennsylvania, from a denial by the United States District Court for the District of New Jersey, of his motion, pursuant to 28 U.S.C. § 2255, to vacate his convictions and sentences amounting to 20 years, as imposed on August 17, 1965. An earlier effort to accomplish the same objective failed in the District Court, the judgment of which was affirmed by this court in United States v. DeAngelis.[1]

A second attempt to like purpose resulted in a similar denial by the District Court.[2] Therein it concluded that the issue of the motion was squarely raised and decided adversely to the appellant on his first appeal in United States v. DeAngelis, supra, and that the grounds presently heard are identical with those advanced in his first challenge. This appeal followed.

Appellant insists that the grounds he offered on this second motion were not

identical. He now contends that the District Court,

"overwhelmed by communications, private and personal in nature, and * * * villified by the press media * * * abandoned due process of law and its judicial fortitude and bowed to the madding crowd and the cry of the public in imposing its final sentence upon appellant."

Preliminarily the District Court invoked the provisions of 18 U.S.C. § 4208 (b),[3] on May 28, 1965, when it committed appellant to the custody of the Attorney General *for the maximum sentence of imprisonment prescribed by law*[4] for a study to be made of the prisoner by the Director of the Bureau of Prisons, the result of which, together with recommendations, was to be furnished to the court within three months. Appellant points to the following comment by the District Judge after he pronounced the sentence for study purposes:

"I might say that this commitment for study is to be considered concurrent—as you were, is to be considered for ten years under Section 2314 and five years under Section 371 to run concurrently, the latter to run concurrent with the former."

On August 17, 1965, after the conclusion of the study and a report had been received by the District Judge appellant was finally sentenced to twenty years.

▆ Appellant raises the charge that the District Judge was improperly moved to increase his sentence from 10 years to 20 years upon the comment above

1. 361 F.2d 788 (3 Cir.), cert. denied, 385 U.S. 834, 87 S.Ct. 77, 17 L.Ed.2d 69 (1966).

2. United States v. DeAngelis, Civil No. 27-68, D.N.J., February 27, 1968.

3. 18 U.S.C. § 4208(b) provides:
"If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be *for the maximum sentence of imprisonment prescribed by law* for a study as described

in subsection (c) hereof. * * *" (Emphasis supplied.)

4. Appellant pleaded guilty to Counts 2, 14 and 15 of Indictment, Cr. No. 105-64, charging him with the transportation of falsely made and forged warehouse receipts in violation of 18 U.S.C. § 2314. Each count carried a maximum penalty of 10 years. He also pleaded guilty to an Information, Cr. No. 4-65, charging conspiracy under 18 U.S.C. § 371 to violate said § 2314, the maximum sentence for which is five years. The aggregate penalty amounted to 35 years.

**48**

quoted and upon alleged pressures brought to bear upon the court between May 28, 1965 and August 17, 1965, when appellant was returned to the court for final sentence. This attack is made on no more ·factual foundation that the mere statement by appellant that the District Judge was influenced by communications believed by appellant to have been received by him and the publication by newspapers of numerous lurid and sensational reports commenting upon appellant's case, which appeared during the interval between May 28, 1965 and August 17, 1965. In effect, appellant's argument is that the above quoted comment was a commitment by the District Judge to sentence appellant to a term not in excess of 10 years, which the Judge breached when he fixed the term at 20 years. The absurdity of the position is patent when it is considered that the very purpose of the sentence on May 28, 1965 was to procure a study of appellant from the results of which the court would be helped to determine the nature of the sentence to be imposed.

 Moreover, in disposing of appellant's former motion this court specifically characterized the comment concerning the aggregate sentence of 10 years as an "offhand remark, * * * definitely surplusage, made after the preliminary statutory sentence had been imposed and in no way decisional." [5] But, basically, appellant's argument on this appeal falls of its own weight for we have seen that the statute authorizing commitment for study purposes made mandatory the imposition of the maximum sentence—35 years.

In addition the District Court aptly applied the test in Sanders v. United States [6] as to whether the issue posed by the present motion had been raised on a previous appeal and thus was rendered unavailable here. The first motion made by the appellant was based on the ground that the sentences had been improperly

increased from 10 to 20 years. This motion furnished no new ground—only fractionalization of the former. Thus the District Court correctly determined that the contrived issue advanced on the present motion presented none other than the identical ground upon which the first motion was founded and that its denial was warranted.

The order of the United States District Court for the District of New Jersey of February 27, 1968 denying the motion of Anthony DeAngelis to vacate the sentences will be affirmed.

---

5. 361 F.2d at 790.

6. 373 U.S. 1, 15–16, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963).